# EXHIBIT A

ISAIAS MANUEL GARCIA,     :    IN THE COURT OF
                                      :    COMMON PLEAS OF
           Plaintiff,        :    LUZERNE COUNTY
                                        :    CIVIL ACTION
- against -                  :
                                        :    **JURY TRIAL DEMANDED**
                                        :
CITY OF HAZLETON,       :
JONATHAN A. LEONARD,  :    No. 2022-CV-00366
ERIC HERNANDEZ,        :
OMAR ALEXIS VARGAS, and :
BRIAN ANTHONY CASTILLO. :
                                        :
          Defendants.     :

## COMPLAINT

Plaintiff, Isaias Manuel Garcia, by his attorneys, Dyller and Solomon, LLC, Theron J. Solomon, Esq., and Matthew L. Clemente, Esq., for his Complaint, alleges as follows:

### JURISDICTION AND VENUE

1. This action arises out of violations of 42 U.S.C. § 1983, the United States Constitution, and the common law. This Court has concurrent jurisdiction over actions arising under 42 U.S.C. § 1983.

2. The events described below occurred in Luzerne County, Pennsylvania. Venue is therefore proper in the Luzerne County Court of Common Pleas.

## THE PARTIES

3. Plaintiff, Isaias Manuel Garcia, ("Mr. Garcia"), currently and all relevant times, resides at 111 2nd Street, Oneida, Schuylkill County, Pennsylvania 18242.

4. Defendant City of Hazleton ("Defendant Hazleton") is a municipality in Luzerne County, Pennsylvania.

5. Defendants Jonathan A. Leonard ("Defendant Leonard") and Eric Hernandez ("Defendant Hernandez") are police officers.

6. At all relevant times, defendants Leonard and Hernandez were employed by the Hazleton City Police Department.

7. At all relevant times, defendants Leonard and Hernandez were agents, servants, and/or employees of Defendant Hazleton.

8. Upon information and belief, defendants Leonard and Hernandez are both residents of the Commonwealth of Pennsylvania.

9. Defendant, Omar Alexis Vargas, ("Defendant Vargas") is an adult individual who, upon information and belief, currently resides at 512 East Chestnut Street, Hazleton, Luzerne County, Pennsylvania 18201.

10. Defendant, Brian Anthony Castillo, ("Defendant Castillo") is an adult individual who, upon information and belief, currently resides at 970 Emerald Court, Apt. C, Hazleton, Luzerne County, Pennsylvania 18201.

## BACKGROUND

### Defendant Leonard Initiates Pursuit

11. On February 8, 2020, Defendant Vargas was operating a Dodge RAM 2500, bearing Pennsylvania license plate number ZLP1074, ("Dodge Ram") and owned by Defendant Castillo, in the City of Hazleton.

12. Mr. Garcia was a passenger in the vehicle.

13. Defendant Leonard allegedly observed the Dodge Ram to be speeding and driving erratically.

14. As a result, defendant Leonard activated the overhead lights and siren on his police cruiser in order initiate a traffic stop.

15. Notwithstanding the overhead lights and siren, defendant Vargas did not stop the vehicle.

16. Instead, defendant Vargas sped up and fled.

17. In response, defendant Leonard chose to engage defendant Vargas in a high speed chase through the crowded streets of Hazelton.

18. Defendant Leonard raced after the Dodge Ram through residential areas at a rate of speed approximately eighty (80) miles per hours.

19. During the pursuit, defendant Hernandez joined the high speed chase, nearly causing a head-on collision with the Dodge Ram.

20. Notwithstanding the near collision, defendant Leonard continued his pursuit at over ninety (90) miles per hour even after the Dodge Ram crossed out of the Hazelton City limits.

21. Defendant Vargas attempted to enter the on-ramp for Interstate 81 ("I-81") North; however, he failed to negotiate the turn, sending the Dodge Ram over a curb and into a guardrail, eventually entering a 360 degree turn.

22. The Dodge Ram collided with defendant Leonard's cruiser before speeding away onto I-81 South.

23. Defendant Leonard believing his vehicle was disabled got out of his car to assess the damage.

4

24. Defendant Hernandez continued to chase the Dodge Ram at excessive speeds outside of the City of Hazleton and onto I-81 South.

25. Defendant Leonard determined that his cruiser was still drivable and decided to rejoin the chase.

26. Defendant Leonard followed defendants Hernandez and Vargas onto I-81 South, speeding in excess of one hundred (100) miles per hour.

27. Despite now being many miles outside of their jurisdiction, defendants Leonard and Hernandez continued their high speed pursuit.

28. Defendant Vargas exited I-81 South at Exit 138 towards McAdoo, Pennsylvania.

29. Defendant Vargas was unable to negotiate the exit ramp's hairpin turn and lost control of the Dodge Ram.

30. The vehicle rolled several times before coming to rest in a snow-covered field.

31. During the crash, Mr. Garcia was ejected from the vehicle and launched through the air before crashing into the snowy ground.

32. Mr. Garcia lie prone, face-down in the snow with his pants around his ankles.

5

33. Defendants Leonard and Hernandez approached the crash scene.

34. Although Mr. Garcia was visibly incapacitated, defendants Leonard and Hernandez arrested him without probable cause or reasonable suspicion.

35. Nonetheless, defendant Leonard and Hernandez each forcefully grabbed ahold of Mr. Garcia's arms in an effort to place them behind his back.

36. Mr. Garcia's right arm was stuck under the weight of his own prone body.

37. Although defendants Leonard and Hernandez forcefully yanked on Mr. Garcia's appendages, they were ultimately unsuccessful in placing Mr. Garcia into handcuffs.

38. Defendants Leonard and Hernandez then withdrew a stun gun and tasered Mr. Garcia as he lie face down in the snow with no pants on and in serious medical distress.

39. Once placed under arrest for unknown crimes, Mr. Garcia was transported to the Lehigh Valley Hospital in Hazleton, Pennsylvania to address his apparent, serious injuries.

40. Due to the severity of Mr. Garcia's injuries, he was transported to Lehigh Valley Hospital in Allentown, Pennsylvania.

41. Mr. Garcia required surgery on his hip and was hospitalized for over two weeks.

42. As a result of the crash as well as the actions of defendants Leonard and Hernandez, Mr. Garcia sustained the following severe, serious, painful and permanent injuries, which include but are not limited to the following:

      a.  Closed fracture of the right femur;

      b.  Closed posterior dislocation of right hip; and,

      c.  Closed left rib fractures.

43. As a result of his injuries, Mr. Garcia has obtained medical care and treatment from various medical care providers for which recovery is sought to the extent that expenses for such treatment exceeds the limit

pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law.

44. As a result of the collision and the injuries received in that collision, Mr. Garcia has suffered and continues to suffer a loss of his earning capacity and power and this loss of income and/or impairment of earning capacity and power exceeded the sums recoverable under the limitations of the Pennsylvania Motor Vehicle Financial Responsibility Law for which a claim is made.

45. As a result of his injuries, Mr. Garcia was rendered sick, sore, and disabled and sustained severe mental and physical pain, as well as great discomfort, which required medical care and treatment.

46. As a further result of his injuries, Mr. Garcia suffered and continues to suffer great physical and mental pain, discomfort and inconvenience, and has been informed that his injuries are of a continuing and permanent nature and that he will require additional medical care and treatment.

47. Mr. Garcia may be required to spend various sums of money and incur various expenses for treatment of his injuries in the future,

8

with said expenses for these injuries and treatment exceeding the limits provided for under the Pennsylvania Motor Vehicle Financial Responsibility Law and for which a claim is made.

48. As a further result of his injuries, Mr. Garcia has sustained and will continue to sustain a loss of everyday pleasures and enjoyments of life for which a claim is made.

Defendant Leonard Files Baseless Charges
Against Mr. Garcia Absent Any Investigation

49. During defendants Leonard and Hernandez' pursuit, they could tell that there were at least two people in the vehicle.

50. However, defendants Leonard and Hernandez apparently did not know whether Mr. Garcia or defendant Vargas was the driver.

51. Neither defendant Leonard nor defendant Hernandez did any investigation as to the identity of the driver, aside from possibly interviewing defendant Vargas.

52. Defendants Leonard and Hernandez did not even attempt to interview Mr. Garcia.

53. Defendants Leonard and Hernandez did not seek to speak with defendant Castillo, the owner of the vehicle to determine who may have been driving.

54. Instead, defendant Leonard charged both defendant Vargas and Mr. Garcia with a host of conspiracy offenses, including four counts of conspiracy to commit aggravated assault, conspiracy to flee and attempt to elude police, two counts of conspiracy for recklessly endangering another person, conspiracy to commit a hit and run, conspiracy to possess marijuana for personal use, conspiracy to possess drug paraphernalia, conspiracy to commit reckless driving and conspiracy to commit careless driving.

55. Defendant Leonard alleged – with no evidence – that Mr. Garcia conspired with defendant Vargas to flee from the police, recklessly endanger the police, engage in a hit and run, attempt to assault the police, and commit various traffic violations.

56. Defendant Leonard also charged defendant Vargas and Mr. Garcia each with driving with a suspended license. Defendant Vargas

10

was charged with 75 Pa.C.S § 1543(b) as his license was suspended due to a prior DUI.

57. Defendant Leonard also charged Mr. Garcia with resisting arrest and disorderly conduct, alleging that Mr. Garcia fought with police while they unconstitutionally arrested him.

58. At the Luzerne County Court of Common Pleas, Mr. Garcia filed a petition for writ of *habeas corpus* alleging that the Commonwealth lacked *prima facie* evidence for any of the charges.

59. Following a hearing on December 16, 2021, the Court of Common Pleas granted Mr. Garcia's petition for writ of *habeas corpus*, holding "it is evident that the Commonwealth failed to establish a prima facie case against [Mr. Garcia] on any of the charges against him."

Defendant Hazleton's Unconstitutional
Policies and Customs

60. Defendants Leonard and Hernandez engaged in a reckless high-speed chase of the Dodge Ram knowing that there was a passenger in the vehicle and endangering Mr. Garcia.

61. Upon information and belief, defendant Hazleton took no disciplinary action against defendants Leonard or Hernandez, thereby ratifying their conduct.

62. Upon information and belief, defendants Leonard and Hernandez arrested and charged both defendant Vargas and Mr. Garcia without any investigation, aside from possibly interviewing defendant Vargas.

63. Upon information and belief, defendant Hazleton took no disciplinary action against defendants Leonard or Hernandez, thereby ratifying their conduct.

64. The state courts held that defendant Leonard lacked *prima facie* evidence for any of the charges he filed against Mr. Garcia.

65. Upon information and belief, defendant Hazleton took no disciplinary action against defendant Leonard, thereby ratifying his conduct.

66. The Hazleton Police Department has standard operating procedures relating to vehicle pursuits (the "SOP").

67. Pursuant to the SOP, the pursuing police officer shall notify the Luzerne County Communications, who in turn notifies the patrol supervisor of the pursuit.

68. The patrol supervisor is responsible for maintaining contact with the pursuing officer(s) and ensuring that the SOP is followed.

69. The supervisor provides directions to the pursing officers by radio and determine whether a pursuit should be terminated.

70. Pursuant to the SOP, all supervisors and officers involved in a pursuit are required to submit a critique and analysis of the pursuit. The events leading to the high speed pursuit shall be documented by the officers involved, reviewed, by the shift commander and submitted to the chief of police.

71. Upon information and belief, a supervisor was notified the pursuit of the Dodge Ram.

72. Upon information and belief, the supervisor authorized defendants to continue the pursuit even as it became apparent that defendants Leonard and Hernandez' reckless pursuit endangered Mr. Garcia and the public.

13

73. Upon information and belief, the shift commander and chief of police reviewed documentation submitted by defendants Leonard and Hernandez and the supervisor determined that their pursuits were justified and warranted no discipline, thereby ratifying their conduct.

74. Further, several officers employed by defendant City of Hazleton have engaged in reckless and dangerous police pursuits, including pursuit which have resulted in injuries to innocent passengers and other motorists.

75. In January 2019, defendant Hernandez engaged in a reckless, high-speed case that resulted in a crash and injuries to the passengers of the vehicle he pursued.

76. In December 2016, a member of the Hazleton City Police Department engaged in a reckless motor vehicle chase and crashed her police cruiser into a motorist on a motorcycle, resulting in serious injuries.

77. Upon information and belief, the chief of police and/or supervisors within the Hazleton City Police Department reviewed these

14

and other police chases and determined that the pursuit was justified and warranted no discipline, thereby ratifying the officers' conduct.

78.    Upon information and belief, notwithstanding its SOP and statutory obligations under Pennsylvania law, defendant City of Hazleton does not track police pursuits.

79. Upon information and belief, defendant City of Hazleton's policy and/or custom is to allow individual officers to make life or death determinations as to when to pursue and to continue to pursue a fleeing vehicle.

## COUNT ONE
### (42 U.S.C. § 1983: False Arrest)
*Against Defendants Leonard and Hernandez*

80. Plaintiff repeats and realleges each of the above allegations as if fully repeated herein.

81. Defendants Leonard and Hernandez arrested, detained and seized Mr. Garcia without probable cause, in violation of Mr. Garcia's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

15

82. Defendants Leonard and Hernandez' conduct therefore was a deprivation, under color of state law, of rights guaranteed to Mr. Garcia under the Fourth and Fourteenth Amendments of the United States Constitution.

83. As a result of defendants Leonard and Hernandez' violation of Mr. Garcia's Constitutional rights, Mr. Garcia suffered substantial injuries and damage.

## COUNT TWO
(42 U.S.C. § 1983: Excessive Force)
*Against Defendants Leonard and Hernandez*

84. Plaintiff repeats and realleges each of the above allegations as if fully repeated herein.

85. Defendants Leonard and Hernandez' use of force as set forth above constituted an unreasonable seizure under the Fourth and Fourteenth Amendments of the United States Constitution.

86. Defendants Leonard and Hernandez' conduct therefore was a deprivation, under color of state law, of rights guaranteed to Mr. Garciaunder the Fourth and Fourteenth Amendments of the United States Constitution.

16

87. As a result of defendants Leonard and Hernandez' violation of Mr. Garcia's Constitutional rights, Mr. Garcia suffered substantial injuries and damage.

## COUNT THREE
(42 U.S.C. § 1983: Malicious Prosecution)
*Against Defendant Leonard*

88. Plaintiff repeats and realleges each of the above allegations as if fully repeated herein.

89. Defendant Leonard initiated a criminal proceeding against Mr. Garcia, resulting in his arrest and prosecution.

90. Defendant Leonard initiated such criminal proceedings with malice or for an improper purpose.

91. The criminal proceedings terminated in favor of Mr. Garcia.

92. Defendant Leonard's initiation of the criminal proceedings against Mr. Garcia proximately caused damage to Mr. Garcia.

93. Defendant Leonard physically seized Mr. Garcia.

94. Defendant Leonard's conduct therefore was a deprivation, under color of state law, of rights guaranteed to Mr. Garcia under the Fourth and Fourteenth Amendments of the United States Constitution.

17

95. As a result of defendant Leonard's violation of Mr. Garcia's Constitutional rights, Mr. Garcia suffered substantial injuries and damage.

## COUNT FOUR
(42 U.S.C. 1983: *Monell* Liability)
*Against Defendant City of Hazleton*

96. Plaintiff repeats and realleges each of the above allegations as if fully repeated herein.

97. Defendant Hazleton has a policy or custom of engaging in reckless high-speed chases of suspects disregarding the safety of passengers and other drivers.

98. Defendant Hazleton has a policy or custom of arresting individuals without probable cause.

99. Defendant Hazleton has a policy or custom of using excessive force.

100. Defendant Hazleton has a policy or custom of initiating charges against individuals without probable cause and without investigating suspected crimes.

18

101. Defendant Hazleton's unconstitutional policies or customs led to deprivations, under color of state law, of rights guaranteed to Mr. Garcia under the Fourth and Fourteenth Amendments of the United States Constitution.

102. As a result of defendant Hazelton's violation of Mr. Garcia's Constitutional rights, Mr. Garcia suffered substantial injuries and damage.

**COUNT FIVE**
(Assault)
*Against Defendants Leonard and Hernandez*

103. Plaintiff repeats and realleges each of the above allegations as if fully repeated herein.

104. Defendants Leonard and Hernandez intended to put Mr. Garcia in reasonable and immediate apprehension of a harmful or offensive contact with his body.

105. As a result of defendants Leonard and Hernandez's actions, Mr. Garcia was put in reasonable and immediate apprehension of such contact.

19

## COUNT SIX
(Battery)
*Against Defendants Leonard and Hernandez*

106. Plaintiff repeats and realleges each of the above allegations as if fully repeated herein.

107. Defendants Leonard and Hernandez committed the acts described above with the intent to cause harmful or offensive contact with Mr. Garcia's body and/or with the intent to put Mr. Garcia in reasonable and immediate apprehension of a harmful or offensive contact with his body.

108. Defendants Leonard and Hernandez's actions resulted in a harmful and/or offensive contact with Mr. Garcia's body.

## COUNT SEVEN
(False Arrest and False Imprisonment)
*Against Defendants Leonard and Hernandez*

109. Plaintiff repeats and realleges each of the above allegations as if fully repeated herein.

110. Defendants Leonard and Hernandez, without any probable cause or legal justification, detained Mr. Garcia.

111. As a result of defendants Leonard and Hernandez's false arrest and false imprisonment of Mr. Garcia, he suffered substantial injuries and damage.

### COUNT EIGHT
(Negligence)
*Against Defendants Leonard and Hernandez*

112. Plaintiff repeats and realleges each of the above allegations as if fully repeated herein.

113. Defendants Leonard and Hernandez owed Mr. Garcia a duty of care.

114. Defendants Leonard and Hernandez breached the duty of care they owed Mr. Garcia.

115. Defendant Leonard and Hernandez' breach of the duty of care they owed Mr. Garcia actually and proximately caused his injuries.

116. As a result of defendants Leonard and Hernandez' breach of the duty of care they owed Mr. Garcia, Mr. Garcia sustained substantial injuries and damage.

117. The injuries sustained by Mr. Garcia, were the result of the carelessness, negligence, and recklessness of defendants Leonard and Hernandez, which included:

a. engaging in a high speed chase through the City of Hazleton;

b. knowingly endangering the lives of all involved and other drivers lawfully on the road by continuing to chase a vehicle when the circumstances did not require it;

c. operating the vehicle at speeds far in excess of the posted speed limit and too great under the circumstances; and,

d. disregarding the danger presented by hazards and other vehicles on the roadway.

## COUNT NINE
*Against Defendant Vargas*
(Negligence)

118. Plaintiff repeats and realleges each of the above allegations as if fully repeated herein.

119. Defendant Vargas owed Mr. Garcia a duty of care.

120. Defendant Vargas breached the duty of care he owed Mr.

22

Garcia.

121. Defendant Vargas' breach of the duty of care he owed Mr. Garcia actually and proximately caused Mr. Garcia's injuries and damage.

122. As a result of defendant Vargas' breach of the duty of care he owed Mr. Garcia, Mr. Garcia sustained substantial injuries and damage.

123. The injuries sustained by Mr. Garcia, were the result of the carelessness, negligence, and recklessness of Defendant Vargas, which included:

a. driving while intoxicated;

b. driving with a suspended license;

c. engaging in a high speed chase through the City of Hazleton;

d. knowingly endangering the lives of all involved and other drivers lawfully on the road by directly violating multiple laws;

e. operating the vehicle at speeds far in excess of the posted speed limit and too great under the circumstances; and,

f. disregarding the danger presented by hazards and other vehicles on the roadway.

## COUNT TEN
(Negligent Entrustment)
*Against Defendant Castillo*

124. Plaintiff repeats and realleges each of the above allegations as if fully repeated herein.

125. Defendant Castillo permitted defendant Vargas to use defendant Castillo's vehicle.

126. Defendant Castillo knew or should have known that defendant Vargas intended to or was likely to use the defendant Castillo's vehicle in such a way that would harm another.

127. Defendant Castillo knew or should have known that defendant Vargas was an incompetent driver or was intoxicated.

128. As a result of defendant Castillo's permitting defendant Vargas to use defendant Castillo's vehicle, Mr. Garcia sustained substantial injuries and damage.

129. The injuries sustained by Mr. Garcia were the result of the carelessness and negligence of defendant Castillo, which included:

a. entrusting the Dodge RAM 2500 to defendant Vargas when he knew or should have known that he had a prior history of motor

24

vehicle violations and a suspended license for driving under the influence, and that he would fail to operate it safely in Hazleton, Pennsylvania;

b. allowing defendant Vargas to operate the Dodge RAM 2500 when he knew or should have known that he would cause a collision;

c. entrusting the Dodge RAM 2500 to be operated by defendant Vargas when he knew or should have known that defendant Vargas had a propensity for danger, a likelihood for speeding, a suspended license for driving under the influence, and a propensity for ignoring laws.

**WHEREFORE**, the plaintiff demands judgment as follows:

A. For Counts One through Three and Counts Five through Ten, an amount to be determined at trial, including punitive damages and interest;

B. For Count Four, an amount to be determined at trial, including interest;

C. For the plaintiff's attorneys' fees, pursuant to 42 U.S.C. §1988;

25

D. For the costs and disbursements incurred in this action; and

E. For such other and further relief as the Court deems just and proper.

DYLLER & SOLOMON, LLC
/s/ Theron J. Solomon, Esq.
PA Bar: 319810
88 North Franklin Street
Wilkes-Barre, PA 18701
(570) 829-4860

MATTHEW L. CLEMENTE, ESQ.
/s/Matthew L. Clemente
PA Bar: 318611
88 North Franklin Street
Second Floor
Wilkes-Barre, PA 18701
(570) 266-8986

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

26

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

/s/ _Matthew L. Clemente, Esq._